In the Matter of JOSEPH J. KENDZIE, Petitioner-Appellant-Respondent, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, Respondents-Appellants.

Fourth Department, February 5, 1954.

*David A. White* for petitioner-appellant-respondent.

*Harry F. Karst* and *Alvin McKinley Sylvester* for respondents-appellants.

*Per Curiam.* This is a proceeding under article 78 of the Civil Practice Act to review the determination of the State Liquor Authority denying petitioner's application for a restaurant liquor license.

Prior to the present application the petitioner conducted a place of business at 17 Richmond Avenue, Lockport, New York, for a period of about ten years under a restaurant liquor license issued to him by the Authority. No charges were ever lodged against the petitioner by the Authority. The petitioner sold his Richmond Avenue business and in March, 1950, purchased a burned-out theatre building on West Main Street in Lockport, New York, which he developed into a restaurant and bowling alley and for which he now seeks a liquor license. Petitioner has expended $166,394.06 for the development of the property for which he now seeks a license.

There appears to be no question that petitioner's financing is adequate for the business which he seeks to carry on but the Liquor Authority is not satisfied that he has truthfully disclosed the source of all of the moneys used in the development of the property. The petitioner has made a full disclosure of all of his records; his own and his wife's bank accounts; his income tax reports since 1943; his property and his earnings. The Authority has entirely disregarded the testimony of the petitioner and his wife to the effect that about $30,000 of the moneys employed came from various sources including the wife's savings prior to marriage and gifts from named relatives. The Authority has apparently concluded that such part of the moneys came from some objectionable or unsavory source such as to warrant a denial of the petitioner's application. We find no substantial evidence in the record to support such a conclusion.

It is, of course, relevant for the Authority to seek information as to the source of an applicant's finances. Such information might well lead to a discovery, or warrant an inference, that the applicant is a " front " for some undesirable person or that some unknown or undesirable person possesses an interest in the business for which the license is sought. While the court may not substitute its judgment for that of the Authority, still it remains for the court to determine whether the record contains substantial evidence to support the determination of the Author-

ity or whether such determination is arbitrary or based upon a mere whim.

We think it is arbitrary and unreasonable to deny this application solely upon the ground that the Liquor Authority is dissatisfied with petitioner's explanation of the source of his capital in the absence of some evidence tending to show that such capital was not honestly and legally acquired. That is especially so in view of the background of the petitioner and his wife and of their conduct of the business formerly licensed at Richmond Avenue. The record indicates that the petitioner and his wife are hard working thrifty people and discloses no unfavorable incident in respect to their character and integrity. There are no facts or circumstances in the record susceptible of an inference that they have any connection with, or association with any person or persons of questionable character. On the other hand, the fact that a local bank in the community in which they reside and have done business granted them a mortgage loan of $75,000 with which to develop the property in question, is some indication of their good reputation for character and integrity amongst local businessmen.

Since the disapproval of the petitioner's application is unreasonable and not founded upon substantial evidence, the determination of the Liquor Authority should be annulled and the petitioner's application should be granted.

The order of March 9, 1953, entered in the Erie County Clerk's office on March 17, 1953, insofar as appealed from should be affirmed (see *Matter of Playdium* v. *O'Connell,* 276 App. Div. 14, affd. 301 N. Y. 538).

All concur, except WHEELER, J., who dissents and votes to confirm the determination. Present — McCURN, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Determination of the State Liquor Authority annulled, with $50 costs and disbursements and the respondents directed to issue a license to the petitioner as requested. Order of March 9, 1953, entered in the Erie County Clerk's office on March 17, 1953, insofar as appealed from affirmed (see *Matter of Playdium* v. *O'Connell,* 276 App. Div. 14, affd. 301 N. Y. 538).