## (January 14, 1959)

In Matter of GEORGE A. SWALBACH, Respondent, against STATE LIQUOR AUTHORITY, Appellant.

MEMORANDUM BY THE COURT. The State Liquor Authority has appealed from an order of Special Term which vacated and annulled a determination of the board that disapproved petitioner's application to remove and transfer his retail licensed business to a new location and which directed the approval of such removal and transfer. Upon the record before us, we cannot say that the board's determination was arbitrary or capricious (*Matter of Rockower* v. *State Liq. Auth.*, 4 N Y 2d 128), or that the record discloses circumstances which leave no possible scope for the exercise of the Authority's discretion (*Matter of Gambino* v. *State Liq. Auth.*, 4 A D 2d 37). Nor does the fact that the Authority, in making its determination, considered its general policy against the location of retail stores in or in the immediate vicinity of modern shopping plazas, render the determination arbitrary (*Matter of McGinnis' Broadway Rest.* v. *Rohan*, 6 A D 2d 115). This is particularly so in view of the facts presented in the record. Therefore, the order of Special Term must be reversed and the proceeding dismissed.

GOLDMAN, J. (dissenting). I am unable to agree with the determination of the prevailing members of this court. It would serve no useful purpose to set forth the facts in detail. Briefly, the petitioner has been licensed by the State of New York to sell liquor for off-premises consumption at 345 Central Avenue, Rochester, New York, since December, 1942. On March 26, 1957 petitioner, aware that the building in which his store was located would be required by the State to make way for the proposed Inner Loop, entered into a lease of premises at 580 Jefferson Road, Henrietta, New York. He then

applied to the State Liquor Authority for permission to transfer his license to the new location. The local board approved his application on June 20, 1957. Subsequently on October 7, 1957 petitioner was required to vacate the Central Avenue premises. Approximately a month and a half later petitioner was advised by the State Liquor Authority that his application was disapproved by reason of proposed location being in close proximity to a large modern shopping center, which was contrary to the policy of the members of the Authority which prohibited locations in shopping centers. The policy of the Authority does not define a shopping center but the notice of disapproval added the descriptive word "modern".

It would thus appear that the petitioner after 15 years' operation of his business "is in the unenviable position of suffering its complete loss because of circumstances entirely beyond his control. The loss of his license is not of the petitioner's making. He could do nothing to prevent the condemnation for a paramount public use of the property where he is located. His plight merits fair and sympathetic treatment. Within the limits of the authority granted to any arm of government, be it judicial or administrative, the exercise of discretionary power vested in a governmental agency includes the application of equitable considerations, fairness and a nice balancing of all of the factors involved in the impact of the determination upon those concerned. Anything less defeats the essential purpose of the grant of discretionary power. Therein lies the great division between it and the performance of a mere ministerial act. The exercise of discretionary power perfunctorily, superficially, by rote, or as a ministerial act, does not fulfill the legislative intent in the grant of such power". (*Matter of Winkler* v. *State Liq. Auth.*, 3 A D 2d 1011, 1013 [concurring opinion per FRANK, J.], affd. 4 N Y 2d 856.)

It has been said in *Matter of Barry* v. *O'Connell* (303 N. Y. 46, 50–51: "In the course of performing our function as a court of review we have had in mind a statement made by high authority in its consideration of a kindred problem: ' * * * a reviewing court, in dealing with a determination * * * which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis.'"

The opinion of LEWIS, J., further points out at pages 52–53: "'Laws are made by the law-making power and not by administrative officers acting solely on their own ideas of sound public policy, however excellent such ideas may be.' (*Matter of Picone* v. *Commissioner of Licenses*, 241 N. Y. 157, 162.)" The applicable rule to be followed is further set forth in *Matter of Fiore* v. *O'Connell* (297 N. Y. 260, 262) as follows: "It is settled that the courts will not disturb the exercise of administrative discretion vested in the State Liquor Authority by the Alcoholic Beverage Control Law unless the action complained of be deemed arbitrary or capricious."

It should be noted that the only basis for disapproval of the application was that "The proposed location is in such close proximity to a large modern shopping center * * * it would thereby enjoy substantially the fruits of such center as to constitute a part thereof" which shopping center would serve a number of communities and would thereby neither serve nor promote the public convenience and advantage invoked by the statute. Actually the proposed location is across the street and 420 feet distant from the shopping center separated by a heavily travelled thoroughfare. From some points in the shopping center it would be more than two blocks to petitioner's location

and would require a long walk across the road or a second parking of patrons' automobiles. It is a well-known fact that liquor prices are controlled so that a store located in a shopping center could offer no price advantage over the so-called neighborhood store. The very nature of the product offered and the custom of purchasers of it is to deal with tradesmen they know in their own localities. Furthermore, it has never been a principle of our economic system to penalize a merchant because he may have a better location than his competitors and for which, incidentally, he may well be paying a much greater rental. It must be remembered that the intent of the policy is the Authority's concern for other retailers and public convenience, and not for any adverse effect resulting from increased sales.

There is absent of record any substantial evidence to support the conclusions made by the Authority.

Although I am mindful of the rule that favorable action to others in comparable situations does not necessarily resolve whether petitioner has been illegally oppressed, there is evidence in the record that the Authority in another instance, under less favorable circumstances, has granted a license in the vicinity of a shopping center. However, the mere fact that consents were granted to owners of premises somewhat similarly situated does not in itself show that consent was arbitrarily refused to this applicant. The controlling question is whether the petitioner has been illegally oppressed. (*Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330, 336.)

It is not necessary to determine whether the policy promulgated by the Authority, which apparently has no fixed standards in dealing with it, is in and of itself arbitrary and capricious. The fact is that the determination made by the Authority goes beyond the limits fixed by such policy where restriction is confined to a location *in* a shopping center area. "If the facts on which the authority based its denial of petitioner's application for a license bear no reasonable relation to the conclusion reached, its determination is to be annulled and the license should be granted [citation of cases]" (*Matter of Baird* v. *State Liq. Auth.*, 277 App. Div. 60, 61).

I believe this record makes applicable the admonition which appears in *Matter of 54 Cafe & Restaurant* v. *O'Connell* (274 App. Div. 428, 431) that: "While courts are loathe to interfere with determinations of administrative agencies made in good faith, they have by no means abdicated their judicial responsibility to review and pass upon administrative action claimed to be arbitrary and without foundation in fact or in law. A finding of an administrative agency 'is supported by the evidence only when the evidence is so substantial that from it an inference of the existence of the fact found may be drawn reasonably.' (*Matter of Stork Restaurant, Inc.*, v. *Boland*, 282 N. Y. 256, 273.) Insufficient evidence, it has frequently been held, is, in the eyes of the law, no evidence. (*Matter of Case*, 214 N. Y. 199, 204.)"

As has been said by this court on a previous occasion in *Matter of Kendzie* v. *O'Connell* (283 App. Div. 256, 258): "Since the disapproval of the petitioner's application is unreasonable and not founded upon substantial evidence, the determination of the Liquor Authority should be annulled and the petitioner's application should be granted."

Accordingly the order should be affirmed.

All concur, except McCurn, P. J., and Goldman, J., who dissent and vote for affirmance, in an opinion by Goldman, J., in which McCurn, P. J. concurs. Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

Order reversed and proceeding dismissed, without costs.