■ In the Matter of WONDERFUL BAR, INC., Petitioner, v. DONALD S. HOSTETTER et al., Constituting the New York State Liquor Authority, Respondents.— Proceeding pursuant to article 78 of the CPLR to annul a determination of the State Liquor Authority, dated January 25, 1963, which cancelled petitioner's restaurant liquor license. The matter was transferred to this court for disposition by order of the Supreme Court, Westchester County, dated February 25, 1963. Determination annulled, with $50 costs and disbursements, and respondents are directed to reinstate the restaurant liquor license forthwith to its status as of the cancellation date. We find the Authority's determination in this case to be arbitrary and capricious. It was not shown that petitioner's principals were less than frank and open with the Authority's investigator in 1959 when a license was first sought. On the basis of the disclosed financial information, the investigator and Authority satisfied themselves that applicant was to be a bona fide and acceptable operation. No information was sought and no inquiry was made about the existence or source of any other moneys to be used in the business. A license was issued on December 23, 1959 and was last renewed on March 1, 1962; the record discloses no misconduct or abuse of that license during the period of its effectiveness. Some time in 1962, for reasons not disclosed in the record, the Authority commenced an investigation of licensee and found, principally on the basis of frank answers by petitioner's principals, that a $6,000 cash asset or some substantial portion of it, which had not been disclosed in the personal history sheet or financial statement in 1959, had been used in the business operation. Cancellation of the license, effective February 1, 1963, followed. There were slightly varying explanations by the principals that this sum was in the house of one of the principals, belonged to his wife, was not expected to go into the business but was finally thought to be used, and was used, as a reserve, and that no inquiry was ever made of them by the Authority concerning the existence or source of funds for initial operating costs. While we are generally reluctant to disturb the exercise of the Authority's administrative discretion, we find this "concealment of financial information" not to be a false or material misstatement sufficient to warrant revocation of a license with an otherwise unblemished record of operation, particularly where there is not even a hint that the "undisclosed asset" found its source in some

undesirable background figure (see *Matter of Kendzie* v. *O'Connell*, 283 App. Div. 256, 257–258; see, also, *Matter of Matty's Rest.* v. *New York State Liq. Auth.*, 21 A D 2d 818, affd. 15 N Y 2d 659). Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.