Morrie Slifkin, J.
In this article 78 proceeding, petitioner seeks the annulment of respondents’ “notice of recall” dated June 10, 1971, ordering petitioner to surrender its premises liquor license after disapproving a renewal application therefor.
The notice of recall specifies as the sole ground for non-renewal of petitioner’s license, “that the Authority is not satisfied that the listed principals of record of the licensee *844 corporation are the sole parties in interest in the licensed business in that one Emanuel D. Kelmans appears to have an interest in the Business.”
Petitioner contends this conclusion has no reasonable factual basis and attacks it as arbitrary, capricious and an abuse of administrative discretion.
The court will first consider respondents’ objection in point of law and proceed thereafter with its decision.
Respondent urges the lack of power in this court to review the “ recall” action. It relies upon the express provisions of section 121 of the Alcoholic Beverage Control Law which set out the classes of actions authorized by respondent subject to review in the manner provided by article 78 of the CPLR. The gist of argument is that section 121 does not permit review of a 1 ‘ notice of recall.”
By its terms, paragraph 5 of the renewal stipulation executed by the parties on February 24, 1971 recognizes judicial review of the Authority’s action in this case. The language employed therein is specific: “5. The recall of a license pursuant to Paragraph 3 above, shall be deemed the same as a refusal to renew said license in the first instance and accordingly subject to review under Section 121 of the Alcoholic Beverage Control Law”.
The provisions of section 121 do not include a statutory right in those terms to a judicial review of the Authority’s refusal to renew a liquor license. Review is provided in cases where there is a refusal to issue a license, or where the Authority revokes, cancels or suspends a license for cause and after a hearing (Alcoholic Beverage Control Law, §§ 119, 121).
Assuming, arguendo, that the Authority had no power to add by its own fiat, an additional action or proceeding to those specified as reviewable under section 121 (cf. Matter of Gross v. New York City Alcoholic Beverage Control Bd., 7 N Y 2d 531), the query remains whether all other avenues to judicial review in nonrenewal proceedings are necessarily foreclosed. Matter of 125 Bar Corp. v. State Liq. Auth. (24 N Y 2d 174, 178) holds that an article 78 proceeding may be maintained to review “ the rationality of the administrative act” resulting in an adverse determination, after an interview, of a renewal application. It follows that the Authority’s objection to review of its determination by this court is deemed devoid of merit.
In Matter of 125 Bar Corp. v. State Liq. Auth. (supra), Judge Breitel points out (p. 178) that on review of a deter *845 mination in such renewal proceedings as at bar, the court is limited to a search for rationality and reasonableness.
Turning to the transcript of the nonrenewal interview, petitioner’s president testified without contradiction that Kelmans was retained by petitioner as a salaried employee and had, in effect, no participating function as an officer, director or shareholder. Nevertheless, the Deputy Commissioner’s written findings dated April 30, 1971 conclude that petitioner’s “continuing to employ Emanuel Kelmans as manager and his wife as assistant manager indicates that Emanuel Kelmans appears to have an interest in the business.”
Manifestly, the nonrenewal interview record does not provide a factual basis for any conclusion that Kelmans retains a proprietary interest in the licensee’s business. No evidence was adduced to contradict petitioner’s president’s testimony. Moreover, no examination into the witness’ credibility was undertaken by the Authority.
The court is thus constrained to view the respondents’ determination as arbitrary, “being based upon conclusory reasons, unsupported by factual considerations (Matter of Kendzie v. O’Connell, 283 App. Div. 256) ” (Matter of Farina v. State Liq. Auth., 20 N Y 2d 484, 493).
The petition is granted to the extent of annulling respondents’ determination, setting aside its notice of recall, and remitting the matter to the Authority for reconsideration of petitioner’s corporate change and renewal applications in a manner consistent with the court’s decision.