## (April 26, 1973)

■ In the Matter of PONTI ITALIAN RESTAURANT, INC., Petitioner, v. STATE LIQUOR AUTHORITY et al., Respondents.— Determination of the respondent State Liquor Authority, dated January 18, 1973, canceling a restaurant liquor license issued to petitioner, modified, on the law and in the exercise of discretion, by substituting therefor a provision that the license be suspended for a period of 60 days, and as so modified, the determination confirmed, without costs and without disbursements. Although there is substantial evidence in the record to support respondent's findings on the charges preferred against petitioner, under the circumstances we feel that the penalty of cancellation imposed was unduly excessive, and should have been limited as indicated herein. Concur — Nunez, Kupferman and Murphy, JJ.; Stevens, P. J., and Lane, J., dissent in part in the following memorandum by Lane, J.: I agree with the majority that there was substantial evidence to sustain the charges against the petitioner. However, I would also confirm the penalty of cancellation which was imposed since there was an improper concealment of material information (cf. *Matter of Kendzie* v. *O'Connell*, 283 App. Div. 256, 259; *Matter of Wonderful Bar* v. *Hostetter*, 24 A D 2d 1020).

## (April 27, 1973)

■ In the Matter of DAVID CARO, Respondent, *v.* GWENDOLYN JONES, Appellant, and LEONARD STRAUSS et al., Respondents.— Order, Supreme Court, New York County, entered on April 24, 1973, denying respondent's motion to dismiss the petition, unanimously affirmed, without costs and without disbursements. Regardless of the alleged infirmities in the manner of the service of the order to show cause, there was a showing of actual notice to the respondent below, who, in fact, did appear at the court on the return day of the order to show cause. Concur — Stevens, P. J., Markewich, Kupferman, Lane and Tilzer, JJ.

## (April 30, 1973)

■ HERMAN BADILLO et al., Appellants-Respondents, v. HERMAN KATZ, Individually and as City Clerk of the City of New York, et al., Respondents-Appellants. JOHN D. CALANDRA et al., Individually and as County Chairmen of the Republican Party in the Boroughs of New York City, Appellants-Respondents, v. DAVID DINKINS, as Chairman of the Board of Election, et al., Respondents-Appellants.— Judgment, Supreme Court, Bronx County, unanimously modified, on the law, to amend the last decretal paragraph thereof so that it shall read: " Adjudged and decreed that such plan of apportionment, Title ZB, shall remain in full force and effect until a Councilmanic election shall be held in 1975 and that a valid reapportionment plan in accordance with the appropriate statute be developed in sufficient time for such election to be held thereunder." The order under review is patently an expedient and it is desirable that the continuance of a council elected under a law held to be invalid shall be for as brief a period as possible, considering all the practicalities involved. As so modified, the judgment is otherwise affirmed, without costs and without disbursements. Application for leave to appeal to the Court of Appeals is granted. Concur — Stevens, P. J., Markewich, Lane, Tilzer and Capozzoli, JJ. [73 Misc 2d 836.]