## ROSENBLUM v. TILDEN IMPROVEMENT CO. et al.

(Supreme Court, Appellate Division, Second Department.   March 4, 1910.)

MECHANICS' LIENS (§ 114*)—ORDERS—NECESSITY OF FILING.

Lien Law (Consol. Laws, c. 33) § 15, provides that no assignment of a contract for labor or material for the improvement of realty, nor an order drawn by a contractor or subcontractor on the owner of such realty for the payment of such money shall be valid unless filed, etc. Defendant agreed to advance to an improvement company money for the construction of buildings on security of the land and buildings. In consideration of a materialman furnishing material for the buildings in the future, the company drew an order on defendant to pay to the materialman any sum which would be owing to him out of the moneys agreed to be advanced to the company, and defendant accepted the order. *Held*, that the order was not within the statute, since the order was not drawn by or upon a contractor or subcontractor, or by any person holding such relation to the property, and hence the defendant could not escape liability on the order by the fact that a lien was filed on the property.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 149; Dec. Dig. § 114.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Charles I. Rosenblum against the Tilden Improvement Company and Robert Ward, Jr. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Henry Hetkin, for appellant.
Andrew F. Van Thun, Jr., for respondent Ward.

THOMAS, J. The Tilden Improvement Company, owner, was erecting fourteen buildings. Robert Ward, Jr., agreed to advance to it a sum of money during the course of construction. In consideration of the plaintiff delivering in the future material for such construction, he received an order from the Tilden Company, accepted by Ward. The order in its material portions is as follows:

"Please pay to Chas. I. Rosenblum, or order, the following named sums of money out of my contract with you for the construction of 14 houses [describing them] at the times herein specified, and charge said sums to me as though paid directly to me; this being an equitable assignment of such sums from my contract. In case you shall advance to me any payment, or part thereof, before the same shall become due to me under my contract with you, please first pay to Chas. I. Rosenblum or order the sum herein assigned to out of such payment: First payment, the sum of ($300) three hundred dollars, second tier of beams."

The plaintiff furnished the material, and defendant refused to pay, upon the ground that a lien had been filed against the property, and

that the order was void under section 15 of the lien law (Consol. Laws, c. 33), which is as follows:

"No assignment of a contract for the performance of labor or the furnishing of materials for the improvement of real property or of the money or any part thereof due or to become due therefor, nor an order drawn by a contractor or subcontractor upon the owner of such real property for the payment of such money shall be valid, until the contract or a statement containing the substance thereof and such assignment or a copy of each or a copy of such order, be filed in the office of the county clerk of the county wherein the real property improved or to be improved is situated."

The order is not drawn by a contractor or subcontractor, nor by any person holding such relation to the property, nor is it drawn upon the owner nor upon a person holding such relation to the property. Ward undertook to loan money upon the security of land and a building to be erected thereon, and periodic payments were to attend the progress of the building. There is no privity such as the defendant here invokes existing between a lienor, whose existence is not proven in this case, and Ward. Ward's contract ran to the mortgagor, and was not available to a person employed directly or indirectly by the latter to furnish materials or labor, according to the decision in Alyea v. Citizens' Savings Bank, 162 N. Y. 597, 57 N. E. 1103. As stated by Cullen, C. J., in Penn. Steel Co. v. Title Guar. & Trust Co., 193 N. Y. 37, 42, 85 N. E. 820, 822:

"The case arose, however, before the enactment of chapter 418 of the Laws of 1897, which first dealt with the subject of building loan contracts and required them to be in writing and to be filed in the county clerk's office. As originally enacted it applied only to contracts for such loans when made on the sale of lands; as amended in 1900 it applied to all agreements for building loans. It is contended, not without force, that the doctrine of the case cited is no longer applicable, and the case of Anglo-American S. & L. Ass'n v. Campbell (decided by the Court of Appeals of the District of Columbia) 13 App. D. C. 581, 43 L. R. A. 622, is cited as an authority for the proposition that a lienor may resort to the unpaid portion of a building loan for the satisfaction of his lien. Assuming, without deciding, the correctness of the proposition contended for, it may well be that an agreement for the diversion of the proceeds of a loan to other purposes than the improvement of the property would be of so vital a character and so affect the security of contractors and materialmen as to require it to be incorporated in any agreement for a building loan."

Later in the opinion it is said:

"If the claim of the respondent, that the unadvanced part of the building loan constitutes a fund available to lienors, is correct, it is difficult to see why a court of equity, where the fund is ample for the purpose, would not direct the lender to pay out of the loan any incumbrance on the mortgaged premises and apply the surplus to the liens. In other words, a court of equity might, under the written contract alone, compel the appellant to do exactly what it has done."

Section 22 of the lien law (chapter 38, Laws 1909) provides that a contract for a building loan shall be filed as directed, and, if not so filed, that it shall be subject to the lien and claim of a person thereafter duly filing a notice of lien. In Penn. Steel Co. v. Title Guarantee & T. Co., 50 Misc. Rep. 51, 60, 100 N. Y. Supp. 299, 305, Mr. Justice Leventritt said:

"The statute is a safeguard against secret arrangements between lender and owner or contractor. It commands that all agreements or modifications

thereof be filed. The object is to acquaint the materialman with the exact amount of money to be advanced, the purposes to which it is to be applied, and the times when or the stages of construction at which advances are to be made. In the terms of the agreement is he to find a guide to his dealings with the owner or contractor. Therefore the agreement filed should be a true agreement. Nothing should be left to conjecture. The materialman is not called upon to inquire beyond the actual terms of the filed instrument. The agreement is his source of information; the statute, his protection. In the event of failure to comply with the statute, the interest in the real property of each party to the agreement is subjected to the lien and claim of the materialman thereafter filing his notice of lien."

This is a fair statement of the purpose of the statute; but there is no suggestion that a person furnishing materials or labor has or can have a lien upon the money to be advanced, nor that he is in any way responsible for the work, or to those who forward it. However, the order given in this case did not involve a diversion of the money advanced from the purposes of construction, but enabled such construction to proceed. It did not vary the terms of the building loan contract, but ratified and made it effective. The order was accepted, payable according to its terms. When the action was begun, $425 was due on the building loan agreement, according to plaintiff's testimony. There is no proof of an intervening lien on the money, no suit in equity had been begun, and the record discloses no defense to the action.

The judgment of the Municipal Court should be reversed, and a new trial ordered; costs to abide the event. All concur.