Edwin R. Lynde, J.
In this action to foreclose a building loan mortgage, a mechanic’s lienor (Milton Kaplan, Inc.) moves for .summary judgment claiming its lien is not subject to that of the mortgage because of plaintiff’s failure to file a modification of its building loan contract pursuant to section 22 of the Lien Law.
The building loan contract and mortgage between the plaintiff and the owner of the property were both executed on August 29, 1961, and the contract was filed and the mortgage recorded on September 5, 1961. The loan agreement specified that the improvement being financed was to be completed on or about August 1,1962. However, on September 5, 1962, the agreement was modified to extend the completion date to November 1, 1962. Two days after the extension agreement was signed, the plaintiff made its last advance pursuant to the building loan contract and mortgage in the sum of $34,058.85.
On October 9,1962, the plaintiff filed the extension agreement, and on October 23, 1962, the movant filed its mechanic’s lien for work allegedly performed and completed between June 25, 1962 and September 4, 1962.
Section 22 of the Lien Law mandates that a building loan contract and any modification thereof must be filed in the County Clerk’s office on or before the date of recording the building loan mortgage made pursuant thereto except that any subsequent modification of the contract so filed must be filed with 10 days after its execution. Section 22 further provides that if such contract is not so filed, the interest of each party to the contract in the real property affected is subject to the lien and claim of a person who shall thereafter file a notice of lien.
In this case, the plaintiff admittedly failed to file the extension agreement within 10 days after its execution, and' the movant claims that as a result thereof its lien by force of statute acquires priority over the lien of the plaintiff ’s mortgage. This construction of the statute (Lien Law, § 22) would give a mechanic’s lienor priority over a duly recorded mortgage although the notice of lien was filed subsequent to any advances *529 made under the mortgage, and despite the fact that such advances were actually made pursuant to the terms of the building loan contract as originally made and duly filed. This construction would also do violence to section 13 of the Lien Law which provides in subdivision 2 thereof that: “Every mortgage recorded subsequent to the commencement of the improvement and before the expiration of four months after the completion thereof shall, to the extent of advances made before the filing of a notice of lien, have priority over liens thereafter filed if it contains the covenant required by subdivision three hereof. ’ ’ The covenant referred to in subdivision 3 is the covenant by the mortgagor to receive the advances as a trust fund and to apply such advances to the payment of the costs of the improvements before using them for any other purpose. The trust fund covenant, in this case, was contained in the mortgage as well as the building loan contract.
In the situation that arose in this case, a literal reading of section 22 of the Lien Law would appear to give a mechanic’s lienor a priority actually denied him under section 13 of the same law. This result, however, only obtains in the event that the extension agreement can be construed as a modification of the original building loan contract. The agreement merely extended the date for completion of the project. It did not vary or modify any of the essential terms of the contract with respect to the amount or manner of payment of advances. Consequently, the extension accomplished nothing contrary to the purpose for which section 22 was designed. The latter section is intended as a safeguard to materialmen against secret arrangements between the lender and borrower. (Rosenblum v. Tilden Improvement Co., 136 App. Div. 743.) The object of the statute “is to acquaint prospective contractors with the fact that they furnish labor and materials subject to claims prior to theirs against the property, so far as advances thereunder are prior to their liens when filed (Lien Law, § 13), and also to inform such contractors of the amounts to be advanced and the times of such advances.” (P. T. McDermott, Inc. v. Lawyers Mtge. Co., 232 N. Y. 336, 341-342.) Since the extension agreement here left the parties with the same rights and liabilities as existed under the original contract it may not be interpreted as a material alteration thereof. No right of any person was enlarged or restricted or impaired by the extension of the completion date, and the agreement of September 5, 1962, is not a modification of the original loan contract within the purview of section 22 of the Lien Law. The mortgagee is thus entitled to priority under section 13. The motion must be denied, and *530 summary judgment awarded to the plaintiff. The movant’s answer is stricken to the extent that it seeks to declare its lien prior in right to the plaintiff’s mortgage, but without prejudice to movant’s assertion of its claim in surplus money proceedings.