George L. Cobb, J.
In a mortgage foreclosure action, defendants J & G Drywall, Inc., Cody Lumber Company, Inc., Whitman Electric, Inc., Rosakranse Masonry, Inc., Bank Bros. Plumbing & Heating, Inc., each move pursuant to CPLR 5015 for an order vacating, setting aside and relieving each such defendant from the judgment of foreclosure and sale heretofore entered herein.
Plaintiff opposes the motion, in part, upon claims that the movants’ present counsel has not been properly substituted as such pursuant to CPLR 321 (subd [b]), that the motion papers were not properly served because only one copy of the summons and complaint herein was served on plaintiffs counsel rather than five copies thereof and that the orders to show cause which brought on the instant motions failed to designate the place of the hearing on the motions.
At the time the aforesaid orders to show cause were signed by this Justice,, plaintiffs counsel was present and was orally advised of the time and place at which they would be heard. Furthermore, upon the return day of the motion, it appeared that duly executed consents substituting movants’ present attorneys for their prior attorneys had been mailed to the Ulster County Clerk. Accordingly, these somewhat frivolous procedural objections should all be disregarded (CPLR 2001; Matter of Caro v Jones, 41 AD2d 829; Port Chester Elec. Co. v Ronbed Corp., 28 AD2d 1008; Palmer v Palmer, 62 Misc 2d 73, 76). The court will now consider the merits of the motions.
Movants each failed to answer the complaint herein after each had been advised by their then respective attorneys that their liens were inferior to the lien of plaintiffs mortgage. They now claim their default is excusable because it was caused by a mistake as to the applicable law, and such circumstance, it has been said, can constitute excusable neglect (Gallo v Bosco, 13 AD2d 982). However, to obtain the relief sought by the motions, movants must also demonstrate the existence of a meritorious defense to the action (Hurley v Beoux, 29 AD2d 789).
The movants say that the motion should be granted because *647 (1) there was no compliance with section 22 of the Lien Law and (2) the plaintiff advanced in the aggregate 90% of the proceeds of the building mortgage loan, whereas, only 50% of the project is completed.
Considering, first, the charge that the rate of plaintiff’s advances exceeded the progress of the construction, such matter, even if proven, would not constitute a defense because the building loan contract filed with the Ulster County Clerk stated, in part, that "[n]o advance shall be due unless * * * all construction be approved by an engineer or architect satisfactory to the lender, but the lender may advance parts or the whole of any installments before they become due, if the lender believes it advisable so to do, and all such advances or payments shall be deemed to have been made in pursuance of this agreement and not to be modifications thereof’. The flexibility provided by the quoted language demolishes the effectiveness of the proposed alleged defense.
As for the alleged failure to comply with section 22 of the Lien Law, the movants point out that said statute, in part, says that the building loan contract to be filed in the appropriate County Clerk’s office "must contain a true statement under oath, verified by the borrower, showing the consideration paid, or to be paid, for the loan described therein, and showing all other expenses * * * incurred or to be incurred in connection therewith, and the net sum available to the borrower for the improvement”. The borrower’s affidavit in this case failed to state that, from the proceeds of the loan, there was disbursed $63,000 to discharge a prior mortgage on the premises and certain other sums to defray expenses incurred by the borrower in connection with the loan and movants say .that since such payments were in fact made and that the lender knew it at the time of the filing, movants’ liens are superior to that of the plaintiff under the holding in HNC Realty Co. v Golan Hgts. Developers (79 Misc 2d 696).
In the last-cited case, the borrower’s affidavit, which was filed pursuant to section 22 of the Lien Law, "falsely stated” that "the net sum available to the * * * borrower for the improvement is $9,585,271.92” (p 699), whereas, in fact, the sum of approximately $3,945,000 had been used by the lender to acquire pre-existing mortgages, which latter mortgages had been consolidated and spread with the new building loan mortgage to form a consolidated mortgage in the principal sum of $9,650,000. The court found (pp 701-702) that such an *648 affidavit was a "materially false borrower’s statement, which is known by the lender to be false at the time of filing” and, therefore, the lender was not entitled to priority of lien as against mechanics’ lienors who had filed their notices of lien subsequent to the filing made by the building loan mortgagee. For the reasons which appear below, this Justice declines to follow the ruling in HNC Realty Co. (supra).
The decision in HNC Realty Co. (supra) says, in effect, that, since the said statute demands that the borrower’s true statement be filed if the lender is to be accorded priority of lien and the borrower’s filed statement was not true, the statutory demands have not been met and priority of lien has been forfeited. Although the decision emphasizes the lender’s contemporary knowledge of the falsity of the statement, and it is apparent that factor substantially influenced the result, nothing in the statute justifies disparity of treatment depending upon the lender’s knowledge or lack of knowledge as to such falsity. If the statute is to be interpreted so as to forfeit the lender’s priority of lien if the borrower’s statement be untrue, it must logically be so interpreted in every case with the practical result that few lenders would care to incur the risks inherent in a building loan.
Furthermore, the movants’ secured position as mechanics’ lienors has not been materially affected even if funds which might have been used to add further improvements to the real property were actually used to discharge a lien which is admittedly superior to theirs. Under these circumstances, they have not been prejudiced by any failure to report in the borrower’s affidavit a transaction that a brief examination of the public records on file in the appropriate County Clerk’s office would have revealed in any case, namely, that the prior mortgage had in fact been paid at or about the time that the owner of the land acquired the proceeds of the building loan.
The motions will be denied.