■ SACKMAN-GILLILAND CORPORATION, Appellant, v LOUIS E. LUPO et al., Defendants, and ELSON CONTRACTORS, INC., et al., Respondents.—Order unanimously affirmed, with costs. Memorandum: Plaintiff appeals from an order which granted partial summary judgment declaring that the building loan mortgages sought to be foreclosed in this action are subordinate and subject to mechanic's liens filed by defendants-respondents. On July 30, 1973 plaintiff issued a mortgage commitment letter to defendant Collett Woods, Inc., in the sum of $2,625,000 relating to the proposed construction of a 168-unit apartment complex. It is not disputed that defendant Mertensia, Inc., is the successor in interest to Collett Woods, Inc. On February 25, 1974 Mertensia, Inc., executed two building loan mortgages to plaintiff in the total amount of the mortgage commitment. These documents, together with a building loan agreement executed by plaintiff and Mertensia, Inc., were duly filed in the Ontario County clerk's office on March 7, 1974. Paragraph 10(c) of the building loan agreement provides: "That Borrower will comply with the terms and conditions of that certain commitment letter from Lender to Borrower dated July 30, 1973 as it may be [further] amended from time to time in writing by Lender and Borrower". By letter of September 5, 1974, plaintiff amended its commitment letter of July 30, 1973 so as to provide, *inter alia,* "that all references contained therein to: (a) 168 units shall read 96 units" and "(b) the building loan amount of $2,625,000 shall read $1,500,000". Mertensia, Inc., accepted such modifications but no agreement or other documentation of the modifications was filed in the Ontario County clerk's office. Defendants-respondents individually filed me-

chanic's liens between November 21, 1974 and February 7, 1975. Advances made on a building loan mortgage shall have priority over any subsequently filed mechanic's lien provided the building loan contract is filed as required by section 22 of the Lien Law (Lien Law, § 13, subd [2]). That section mandates that a building loan contract and any modification thereof, in proper form, must be filed in the office of the clerk of the county in which the land is situated. It further provides that any modification must be filed within 10 days after the execution thereof and that "If not so filed the interest of each party to such contract in the real property affected thereby, is subject to the lien and claim of a person who shall thereafter file a notice of lien under this chapter" (Lien Law, § 22). Plaintiff argues that because its letter of September 5, 1974 required approval of the Prudential Insurance Company as to the permanent mortgage limits, it does not constitute a modification within the meaning of section 22 of the Lien Law. Without regard to the merit of that argument (cf. *P. T. McDermott, Inc. v Lawyers' Mtge. Co.*, 232 NY 336), such condition, in any event, was satisfied on November 19, 1974 when Prudential amended its permanent mortgage commitment to coincide with the terms of plaintiff's letter of September 5, 1974. Thus the modification of the building loan contract effectively reduced plaintiff's obligation to provide construction financing to the sum of $1,500,-000. Such a reduction must be timely filed, since it relates to the "net sum available to the borrower for the improvement" (Lien Law, § 22; see *Security Nat. Bank v Village Mall at Hillcrest*, 85 Misc 2d 771). The defendants-respondents, therefore, are entitled to the protection of the statute. In granting partial summary judgment, Special Term determined that the mortgages were subject to the mechanic's liens of defendants-respondents "to the extent that the said liens are proven valid and enforceable by a trial on the merits". Such a determination was proper in the circumstances (CPLR 3212, subd [e]). (Appeal from order of Ontario Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.