OPINION OF THE COURT
Angelo Graci, J.
In this action to foreclose a building loan mortgage on real property in Queens County, certain defendant mechanic’s lienors move for partial summary judgment declaring that the building loan mortgage sought to be foreclosed is subordinate to the liens of the moving defendants because of plaintiff’s failure to file a modification of its building loan contract as required by section 22 of the Lien Law.
The building loan contract between plaintiff HNC Realty Company (hereinafter HNC) and defendant Bay View Towers Apartments, Inc., the owner of the property, was executed on August 30, 1973. It is undisputed that the building loan contract was filed on September 5, 1973 and that the mortgage securing the loan was recorded on September 6, 1973.
The building loan contract provided for a construction loan of $41 million with an initial advance of $9,652,753 to be made on the date of contract. Paragraphs 27 and 27.8 of the building loan contract provide that in connection with future advances surety payment bonds shall be furnished for all contracts and subcontracts not previously approved by HNC where such subcontracts or contracts cover concrete, electrical or plumbing subcontractors or where the subcontract is for $1 million or more. While there is some ambiguity in the languagé employed, it further appears that in addition to the foregoing instances surety payment bonds shall be required to cover "all subcontractors and supplies representing in the aggregate not less than 65% of the total cost of labor and materials” incurred in the entire construction project.
*153 The only bond issued in connection with the construction project was a $18 million bond executed on August 30, 1973. The bond of August 30 states specifically that it is not a surety payment bond. It is movants’ contention that the use of a bond other than a surety payment bond constituted a material modification of the building loan contract.
Advances made on a building loan contract have priority over any subsequently filed mechanic’s liens provided the building loan contract is filed as required by section 22 of the Lien Law (Lien Law, § 13, subd [2]; Sackman-Gilliland Corp. v Lupo, 55 AD2d 1008). Section 22 requires that any modification of a building loan contract must be filed within 10 days of such modification, and, if it is not so filed "the interest of each party to such contract in the real property affected thereby, is subject to the lien and claim of a person who shall thereafter file a notice of lien under this chapter.”
A surety payment bond is an instrument whose function is to protect suppliers of labor and materials by guaranteeing them payment under the bond and giving them a direct right of action against the surety (Scales-Douwes Corp. v Paulaura Corp., 24 NY2d 724; Daniel-Morris Co. v Glens Falls Ind. Co., 308 NY 464; Triangle Erectors v King & Son, 41 Misc 2d 12; see, also, State Finance Law, § 137, subd 1; State Bank of Albany v Dan-Bar Contr. Co., 23 Misc 2d 487, affd 12 AD2d 416, affd 12 NY2d 804). While plaintiff asserts that the parties did not intend to employ the term surety payment bond in its commonly accepted usage, it offers no evidence to support this position and the circumstances attendant the execution of the building loan contract belie plaintiff’s contention. Both the bond of August 30, 1973, executed on the same day as the building loan contract, and the building loan commitment agreement of January 22, 1973 clearly used the term surety payment bond in its accepted sense as a bond guaranteeing payment to subcontractors and materialmen for their labor and materials supplied. The irresistible inference is that the term surety payment bond in the building loan contract was intended by the parties to convey the same meaning as it conveyed in their other agreements.
Therefore, the bond issued on August 30, 1973 was materially different from the surety payment bond required under the building loan contract. Unlike a surety payment bond, the *154 bond of August 30 did not guarantee payment to subcontractors and materialmen but specifically provided that said bond existed for the sole benefit of the obligee (HNC) without conferring rights on any other party. Said bond constituted a material modification of the building loan contract since it diminished considerably the protections accorded materialmen and subcontractors and substantially altered their rights and liabilities. The materiality of the modification is underscored by the fact that section 22 of the Lien Law is intended as a safeguard to materialmen against secret arrangements between lender and borrower. (Security Nat. Bank v Village Mall at Hillcrest, 85 Misc 2d 771; New York Sav. Bank v Wendell Apts., 41 Misc 2d 527; see, also, Rosenblum v Tilden Improvement Co., 136 App Div 743.)
Since the bond of August 30 was for the sum of $18 million, it is a virtual certainty that some of the work secured by the bond related to subcontracts for which a surety payment bond was required under the building loan contract. Certainly, the language employed expresses an intent by the parties that the bond of August 30 be used in lieu of surety payment bonds for those subcontracts otherwise entitled to the protection of a surety payment bond. While the bond of August 30 does not expressly state that the payment bonds to be replaced are those provided for in the building loan contract, this is the logical inference which may be drawn since the building loan contract sets forth the final terms for disposition of the construction loan funds being secured by the bond.
In summary, the bond of August 30, 1973 constituted a material modification of the building loan contract. Said modification was not filed within the 10 days required by statute. Accordingly, the motions of mechanic’s lienors, Simpson Electric Corporation, A. Wachsberger Roofing & Sheet Metal Works, Inc., National Wall Systems, Anthony Perri, Inc., Imperial Sheet Metal Works, Inc., Williamsburg Steel Products Co., Jack Brown, and Atlas Balough Associates, for partial summary judgment are granted to the extent that plaintiff’s building loan mortgage is declared subordinate to movants’ mechanic’s liens subject to proof of the validity of said liens at trial. (CPLR 3212, subd [e]; Lien Law, § 22; Sackman-Gilliland Corp. v Lupo, supra; Security Nat. Bank v Village Mall at Hillcrest, supra; New York Sav. Bank v Wendell Apts., supra.)
*155 It is unclear whether the affidavits submitted by defendants, Alwinseal, Inc., and J. & J. Tile Co., Inc., are requests for relief or whether they are merely supportive of the motions of other defendants. To the extent they may be requests for relief, they are denied without prejudice to renewal upon proper motion papers, including a notice of motion.