Anthony J. Ferraro, J.
Plaintiff makes this motion for *719 summary judgment and to dismiss the counterclaim of defendant Louis Cohen.
The action seeks to foreclose a first mortgage in the amount of $350,000 upon premises at 140 Trenchard Street, Yonkers, New York. Pursuant to the terms of a building and loan agreement executed simultaneously with the mortgage, the plaintiff agreed to advance the aforesaid sum for the construction of an apartment house on the premises.
The only defendant who has interposed an answer herein is Louis Cohen who filed a mechanic’s lien against the property in question approximately one year after the execution of the mortgage and building loan agreement. The sum of °$7,062 remains unpaid on the aforesaid lien. Defendant Cohen asserts in his counterclaim that an improper statement was filed pursuant to section 22 of the Lien Law thereby making the subsequent mechanic’s lien superior to the mortgage. More specifically stated defendant Cohen contends that the true sum available to the borrower for improvements was not reported because plaintiff deducted $16,605.09 from the advances for interest due on the loan without filing an amended statement.
Defendant’s contention raises a novel contention as to the intent and purpose of section 22 of the Lien Law.
The obvious purpose of the section is to alert contractors who contemplate the performance of services and the delivery of materials to the exact amount of money available for the project. If a proper statement is not filed, the building loan agreement is subordinated to the mechanics lien filed thereafter.
In order to accomplish the salutary purpose of section 22 of the Lien Law, the courts have been harsh in penalizing the borrower in favor of the materialman. (Security Nat. Bank v Village Mall at Hillcrest, 85 Misc 2d 771; HNC Realty Co. v Golen Hgts., Developers, 79 Misc 2d 696.) In the former case, the court subordinated the loan agreement when a substantial change in payment was made without filing a modified statement. In the latter case, the subordination was decreed because of a substantial difference in the amount alleged to be available for the improvements.
However, the case at bar does not fall within the purview of either of the above cases. Nor does it fall within the prohibition of section 22 of the Lien Law. The building loan contract, mortgage and note all called for the payment of interest *720 monthly on the outstanding balance. There was therefore ample documentation of the fact that interest would have to be deducted from the moneys advanced and that the moneys available would be necessarily depleted by the amount of the interest. It obviously was not the purpose of the Lien Law to restrain the payment of legal interest or to transform such payment into a violative act. Without interest, there could be no building loan. Without the building loan, there would be no construction and without construction there is no reason to protect mechanics. Interest is the lifestream of the lending institution. Its sole commodity is money. Its sole benefit is the interest it reaps from its use. The payment of interest is a fact of modern life. The deduction of interest upon the advance of money is commonplace.
Contractors such as defendant Cohen had no right to rely on the capital without first deducting the interest indispensable to its obtainment. The interest due on the fund would not be available for the construction project in any event. The section 22 affidavit filed specifically provided that the sum available for the improvement would be $319,500 less such amounts as may become due or payable for * * * interest on building loan mortgagesaccruing during the making of the improvement.
The motion for summary judgment and to dismiss the counterclaim of defendant Louis Cohen and to strike all "John Doe” defendants is granted.