In re LYNCH III PROPERTIES
CORP., Debtor.

ROSLYN SAVINGS BANK, Plaintiff,

v.

LYNCH III PROPERTIES CORP., Lynbrook Glass & Architectural Metals, Dunne Construction Corp., David T. Caporale, Decap Installations, Inc., Decap Construction Co., Inc., Adrian T. Bogart, Albert Kennerly, Aia, Riba, Architect, Emini's Construction Co., Inc., Oyster Bay Roofing and Sheet Metal, Inc., Varricchio Plumbing and Heating, Inc., Frank J. Cucco Enterprises, Merritt Sales, Limited Partnership, Director Door Corp., National Fire Suppression Systems, Inc., HH Robertson Company, Defendants.

Bankruptcy Case 890–80151–478.
Adv.P. No. 890–8151–478.

United States Bankruptcy Court,
E.D. New York.

April 22, 1991.

Payne, Wood & Littlejohn, Glen Cove, N.Y., for plaintiff Roslyn Sav. Bank.

Fink Weinberg, P.C., White Plains, N.Y., for debtor-defendant Lynch III Properties Corp.

Daniels & Daniels, Garden City, N.Y., for defendant Lynbrook Glass & Architectural Metals.

Binder & Binder, Hauppauge, N.Y., for defendants Frank J. Cucco Enterprises, and Dunne Const.

Hayt, Hayt & Landau, Great Neck, N.Y., for defendant Merritt Sales, Ltd. Partnership.

## DECISION

DOROTHY EISENBERG, Bankruptcy Judge.

## STATEMENT

The Roslyn Savings Bank ("Roslyn") has instituted the instant adversary proceeding against Lynch III Properties, Inc. ("Debtor") and sixteen (16) mechanics' lienors ("Defendants") seeking a determination as to the extent, validity and priority of the liens on the Debtor's real property. Roslyn has moved for summary judgment asserting that its mortgages have priority over all the subsequently filed mechanics' liens of the Defendants pursuant to section 13 of the New York Lien Law. Defendants assert that because Roslyn failed to file an alleged modification to the Building Loan contracts as required by section 22 of the New York Lien Law, its mortgages are subordinate to the subsequently filed liens of the mechanics' lienors. There is no dispute as to any material fact in regard to the issue to be decided by this motion for summary judgment.

## FACTUAL BACKGROUND

The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code after several mechanics' lienors filed an involuntary petition under Chapter 7 of the Code. The Debtor is the owner of three (3) contiguous parcels of real property (Parcels I, II and III), consisting of approximately five (5) acres located at Pine Hollow Road, Oyster Bay, New York. Par-

cel I consists of approximately two and one-half (2.5) acres and lies immediately behind Parcel II. It is improved by a substantially completed moving and storage facility, as well as a parking lot and building containing self-storage units.[1]

On October 16, 1987, the Debtor executed and delivered a First Building Loan Agreement and First Building Loan Mortgage to Roslyn on Parcel I. Pursuant to the First Building Loan Agreement and Mortgage, the Debtor agreed to build a moving and storage facility and Roslyn agreed to advance up to $1,125,000.00 for that purpose. The First Building Loan Mortgage was recorded in the Nassau County Clerk's Office on February 3, 1988. The amount advanced to the Debtor pursuant to the first Building Loan Mortgage totalled $1,101,000.00.

In addition, on August 26, 1988, the Debtor executed and delivered to Roslyn a Second Building Loan Agreement and Mortgage on Parcel I. Pursuant to the Second Building Loan Agreement, Roslyn agreed to lend up to $875,000.00 to the Debtor for the purpose of constructing a moving and storage facility. The Second Building Loan Mortgage was recorded at the Nassau County Clerk's Office on September 9, 1988. The amount advanced to the Debtor pursuant to the Second Building Loan and Mortgage totalled $850,000.00. All other terms and conditions in both loan agreements are identical.

The Debtor began construction of the moving and storage facility, but as of the date of the filing of the petition, it had not yet completed construction. The Debtor defaulted on payments of principal and interest to Roslyn as well as payments to materialmen and subcontractors prior to completion of the facility. At present, the building is approximately ninety (90%) percent complete. All of the Defendants provided labor and/or materials for the construction of the moving and storage facility and have filed mechanics' liens on Parcel I

---

1. The other two parcels owned by the Debtor are not involved in the Court's Decision.

with the Nassau County Clerk's Office.[2] All the mechanics' liens of the Defendants were filed after Roslyn's mortgages and Building Loan Mortgage were recorded.

Roslyn instituted the instant adversary proceeding seeking a determination as to the priority of the liens on the Debtor's real property. Roslyn has moved for summary judgment and asserts that because its mortgages were filed first in time, they are superior to the subsequently filed mechanics' liens of the Defendants pursuant to section 13 of the New York Lien Law.

Prior to the Debtor's default under the terms of the Building Loan Agreements and before the Debtor was able to complete the project, Roslyn advanced to the Debtor the sum of $1,951,000.00 for the purpose of constructing the moving and storage facility on Parcel I. All advances made by Roslyn were made prior to the filing of any of the Defendants' liens and all funds advanced by Roslyn, including several hundred thousand dollars in additional funds, were spent by the Debtor on costs associated with the construction of the facility.

Paragraph Eighth and Exhibit "B", paragraph (b), of the First and Second Building Loan Agreements provided that Roslyn was to retain ten (10%) percent of the funds advanced to the Debtor as retainage until certain conditions were met. Paragraph "Eighth" provides in pertinent part:

> EIGHTH.—Said loan is to be advanced at such times and in such amounts as the lender may approve, but tentatively in installments in accordance with Exhibit "B" attached, provided, in the judgment of its appraiser, the borrower is entitled to an advance, but the lender may require three days' notice in writing from the borrower before an advance shall be called for.

In Exhibit "B", paragraph (b), it is provided that Roslyn shall advance:

Up to [$1,124,000 (for 1st loan) and $875,-000 (for second Loan) ] for costs of actually completed construction approved by the lender and/or the Supervising Engineer. Aggregate advances shall not exceed the lesser of [$1,124,000 (1st loan) $875,000 (second loan) ] or the costs of actually completed construction as approved by the Supervising Engineer and/or lender from time to time, minus a sum equal to 10% (such amount being hereinafter referred to as the Retainage). The Retainage shall not be released until construction of the Improvement has been completed, a Certificate of Occupancy issued, and all other necessary municipal consents including Board of Fire Underwriters approval, shall have been issued and delivered to lender.

Roslyn, however, did not retain any portion of the funds advanced pursuant to the First Building Loan Agreement and retained only five and six-tenths (5.6%) percent of the funds advanced pursuant to the Second Building Loan Agreement. There was no written agreement between Roslyn and the Debtor to modify the terms of the Contracts with regard to retainage. Roslyn's failure to retain a portion of the funds advanced was a unilateral decision made by an officer of the Bank.

The Defendants contend that Roslyn's failure to retain the retainage portion of the funds advanced to the Debtor constituted a material modification of the Building Loan Agreements which should have been filed with the Nassau County Clerk's Office pursuant to section 22 of the Lien Law and consequently, its mortgages should be subordinated to the subsequently filed mechanics' liens of the Defendants.

## DISCUSSION

Section 22 of the New York Lien Law [3] requires that a building loan contract and

---

**2.** The Court is not deciding the validity of the Defendants' liens. No evidence or testimony as to the validity of any of the Defendants' liens has been provided pending the outcome of this motion.

**3.** Section 22 of the Lien Law provides in relevant part:

A building loan contract either with or without the sale of land, and any modification thereof, must be in writing and duly acknowledged, and must contain a true statement under oath, verified by the borrower, showing the consideration paid, or to be paid, for the loan described therein, and showing all other expenses, if any, incurred, or to be incurred

any subsequent modifications to that contract must be filed in the Office of the County Clerk where the project is located within ten (10) days after the execution or the making of the modification. N.Y.Lien Law § 22 (McKinney 1966). Failure to comply with the filing requirements will result in the interests of each party to the building loan contract being subordinated to the claims of persons who thereafter furnish labor and materials to the project. *Id.*

In support of their position, Defendants rely upon the case *Security National Bank v. Village Mall at Hillcrest, Inc.,* 85 Misc.2d 771, 382 N.Y.S.2d 882 (Sup.Ct. Queens 1976). In *Security National Bank,* a building loan mortgagee brought an action to foreclose on its mortgage. The project, as originally planned was to consist of residential apartments, a parking area and a commercial building. A modification of the building loan mortgage permitted the owner to convert the residential building into condominiums and also provided for a ten (10%) percent retainage. However, the Bank only retained five (5%) percent of the money advanced and did not file a modification to the building loan agreement pursuant to section 22 of the Lien Law. The Court granted summary judgment to the mechanics' lienors holding that the bank's agreement to reduce the retainage was a substantial and material change which required the filing of the modifications pursuant to section 22 of the Lien Law.

On the other hand, Roslyn argues, *inter alia,* that its failure to retain a portion of the funds advanced to the Debtor was not a material modification of the Building Loan Agreements because it did not ad-

versely affect the rights of the Defendants. Roslyn points out that in every case cited by the Defendants, including the *Security National Bank* case, a material modification has only been found where the alleged modification has caused a profound adverse effect upon the mechanics' lienors. Roslyn contends that by making early advances to the Debtor, the Defendants were in no way damaged and in fact actually benefited because once there was a default under the agreements Roslyn was no longer obligated to make further advances and since the building was not completed, the mechanics' lienors could not reach the retainage in Roslyn's hands.

The precise issue now before the Court is whether Roslyn's failure to retain the full amount of the retainage allowed pursuant to the terms of the First and Second Building Loan Agreements is a material modification of the Building Loan Agreements that should have been filed pursuant to section 22 of the New York Lien Law. If the Court determines it is a material modification of the Building Loan Contract, then by virtue of Roslyn's failure to file any modification pursuant to section 22 of the Lien Law, its liens should be subordinated to the subsequently filed mechanics' liens of the Defendants. However, should the Court find that Roslyn's actions are not a material modification of the Building Loan Agreements, then Roslyn's Building Loan Mortgages are entitled to priority over the subsequently filed mechanics' liens of the Defendants pursuant to section 13 of the New York Lien Law and Roslyn is entitled to summary judgment as a matter of law.

in connection therewith, and the net sum available to the borrower for the improvement, and, on or before the date of recording the building loan mortgage made pursuant thereto, to be filed in the office of the clerk of the county in which any part of the land is situated, except that any subsequent modification of any such building loan contract so filed must be filed within ten days after the execution of any such modification. No such building loan contract or any modification thereof shall be filed in the register's office of any county. If not so filed the interest of

each party to such contract in the real property affected thereby, is subject to the lien and claim of a person who shall thereafter file a notice of lien under this chapter. A modification of such contract shall not affect or impair the right or interest of a person, who, previous to the filing of such modification had furnished or contracted to furnish materials, or had performed or contracted to perform labor for the improvement of real property, but such right or interest shall be determined by the original contract.

■ For the reasons stated below, this Court holds that under the facts in this case, Roslyn's failure to retain a full ten (10%) percent of the funds advanced to the Debtor as "retainage" is not a material modification of the Building Loan contracts within the meaning of section 22 of the New York Lien Law.

■ The purpose behind section 22 of the New York Lien Law is to act as a safeguard against secret arrangements between a lender and an owner or contractor. It is intended to provide special protection to materialmen and laborers on construction projects by enabling them to learn exactly how much money will be made available to the owner or contractor for the project so as to permit potential subcontractors to determine the ability of the general contractor to pay for supplies and services. *In re Grossinger's*, 115 B.R. 449 (Bankr.S.D.N.Y.1990); *Nanuet National Bank v. Eckerson Terrace, Inc.*, 47 N.Y.2d 243, 417 N.Y.S.2d 901, 391 N.E.2d 983 (1979); *HNC Realty Co. v. Bay View Towers Apartments, Inc.*, 64 A.D.2d 417, 409 N.Y.S.2d 774 (2d Dept.1978); *Yankee Bank For Finance & Savings v. Task Assoc.*, 731 F.Supp. 64 (N.D.N.Y.1990); *Pennsylvania Steel Co. v. Title Guarantee & Trust Co.*, 193 N.Y. 37, 85 N.E. 820 (1908).

■ Case law, however, has established that not every change in a building loan agreement will rise to the level of a modification within the meaning of section 22 of the New York Lien Law. *See Pennsylvania Steel Co. v. Title Guarantee & Trust Co.*, 193 N.Y. 37, 85 N.E. 820 (1908); *H.N.C. Realty Co. v. Golan Heights Developers, Inc.*, 79 Misc.2d 696, 360 N.Y.S.2d 954 (1974); *New York Savings Bank v. Wendell Apartments Inc.*, 41 Misc.2d 527, 245 N.Y.S.2d 827 (1963). Only those changes that are material and are not filed will result in the subordination penalty under section 22. A modification is deemed material when it (a) alters the rights and liabilities otherwise existing between the parties to the agreement (b) enlarges, restricts, or impairs the rights of third party beneficiaries. *H.N.C. Realty Co.*, 409 N.Y.S.2d at 780; *Security Nat. Bank*, 85

Misc.2d at 781–82, 382 N.Y.S.2d at 890–91; *New York Savings Bank*, 41 Misc.2d at 529, 245 N.Y.S.2d at 829.

In the instant case, Roslyn's failure to retain ten (10%) percent of the funds advanced did not alter the total amount of money that was available to the Debtor for the construction of the project. Absent any default by the Debtor under the terms of the Agreements, Roslyn was obligated to advance the total amount under the Building Loan Agreements, and no more. In addition, even if Roslyn had retained the full ten (10%) percent retainage, that fund would not be available to the mechanics' lienors in this case since the building was not completed and Roslyn could apply those funds towards its completion. The rights of the mechanics' lienors, even if they would be third-party beneficiaries, have not been restricted or impaired and they retain all of the rights that exist under the filed Building Loan Agreements.

A review of the applicable case law reveals that courts are reluctant to inflict the subordination penalty of section 22 unless there has been a profound adverse impact upon the rights of the mechanics' lienors. In *New York Savings Bank v. Wendell Apartments*, 41 Misc.2d 527, 245 N.Y.S.2d 827 (1963), a Building Loan Mortgagee brought an action to foreclose its mortgage. A mechanic's lienor moved for summary judgment claiming that its lien was superior to that of the mortgagee, because the mortgagee failed to file a modification of the Building Loan Contract pursuant to section 22 of the New York Lien Law. The mortgagee had agreed with the borrower to extend the completion date of the project and did not file a modification under section 22. The court, in denying the mechanic's lienor's motion stated:

Since the extension agreement here left the parties with the same rights and liabilities as existed under the original contract it may not be interpreted as a material alteration thereof. *No right of any person was enlarged or restricted or impaired by the extension of the completion date, and the agreement of September 5, 1962, is not a modification of*

*the original loan contract* within the purview of section 22 of the Lien Law. *Id.* 245 N.Y.S.2d at 829–830. (Emphasis added). Similarly, in this case, Roslyn's failure to withhold the full ten (10%) percent "retainage" did not enlarge, restrict or impair the rights of the materialmen.

In *Ulster Savings Bank v. Total Communities, Inc.,* 83 Misc.2d 645, 372 N.Y. S.2d 793 (1975)[4], the Bank's Building Loan advances exceeded the progress on the building to the point that ninety (90%) percent of the Loan had been advanced and the Building was only fifty (50%) percent completed. In addition, a portion of the mortgage loan funds had been used to discharge a prior mortgage. The contract filed with the County Clerk's Office did not disclose that some of the mortgage funds were to be used for the purpose of satisfying a prior lien. The Court in holding for the bank stated:

> The movant's secured position as mechanics lienors has not been materially affected even if funds which might have been used to add further improvements to the real property were actually used to discharge a lien which is admittedly superior to theirs.
>
> Under the circumstances, they have not been prejudiced by any failure to report in the borrower's affidavit a transaction that a brief examination of the public records on file in the appropriate county clerk's office would have revealed in any case, namely, that the prior mortgage had in fact been paid at or about the time that the owner of the land acquired the proceeds of the building loan.

*Id.* 372 N.Y.S.2d at 796–797. *See also Realty Improvement Funding Co. v. Stillwell Gardens, Inc.,* 91 Misc.2d 718, 398 N.Y.S.2d 480 (Sup.Ct.1977). (Statement filed pursuant to Section 22 which failed to report that interest would be paid was not a material modification under Section 22); *Home Federal Savings and Loan Ass'n v. Four Star Heights,* 70 Misc.2d 118, 333

N.Y.S.2d 334 (Sup.Ct.1971) (Bank's making of advances contrary to the schedule of payments not a material modification).

Likewise, in cases where courts have imposed the subordination penalty under section 22, the alleged modification has always been found to have an adverse impact upon the mechanics' lienors. In *HNC Realty Co. v. Bay View Towers Apartments,* 64 A.D.2d 417, 409 N.Y.S.2d 774 (2d Dept. 1978), the lender obtained a payment bond covering subcontractors that did not comply with the terms of the contract. The court held that the bank's failure to obtain a surety payment bond was a material modification of the contract and thus subordinated the lien of the bank. The Court stated:

> There is no question that HNC's failure to exact compliance with the contract's requirements that Bay View procure a surety payment bond 'covering * * * subcontractors' worked to impair the rights of those subcontractors. Had the required bond been given, the subcontractors would have been paid directly by the surety and this lawsuit would have been avoided.

*Id.* 409 N.Y.S.2d at 780.

Similarly, in the *Security National Bank* case, the mechanics' lienors were adversely affected by the bank's failure to keep retainage. In *Security National Bank,* the project was completed and certificates of occupancy had been issued. Had the bank retained a portion of the funds it advanced as retainage, it would then have been obligated to pay the borrower the funds it had retained, which would then be available to the mechanics' lienors.

Under the circumstances of this case, where the project has not been completed, and where all the money advanced by Roslyn was used for costs incurred in constructing the project, Roslyn's failure to retain a portion of the funds advanced to

---

**4.** The Supreme Court's decision was affirmed on appeal. *See Ulster Savings Bank v. Total Communities, Inc.,* 55 A.D.2d 278, 390 N.Y.S.2d 252 (1976). The Appellate Division Second Department, however, never discussed this issue.

The Court's discussion is limited to the issue of whether a lender who knowingly files a false Section 22 affidavit should suffer the Section 22 subordination penalty.

the Debtor did not amount to a "material modification" of the Building Loan Agreements as that term has been interpreted by applicable case law. The rights of the mechanics' lienors in this case were neither enlarged, restricted nor impaired by Roslyn's actions. In fact, the Defendants were benefitted by Roslyn's actions. If Roslyn had retained a portion of the funds advanced less money would have been available to the Debtor to spend on the construction of the project. Therefore, less money would actually have been paid to the mechanics' lienors over the course of the construction, and the Defendants' claims would be greater. Further, since the Debtor defaulted under the Agreements, they would be unable to reach any retainage fund held by Roslyn. Retainage is intended to protect and indemnify a lender in the event a project is not completed. The bank is under no obligation to pay the mechanics' lienors funds it has rightfully retained unless all conditions in the Building Loan Contract have been satisfied. In this case, the project was not completed and to hold that because Roslyn advanced more funds to the Debtor for the construction of the project than it was obligated to advance, Roslyn's lien should now be subordinated to the liens of the mechanics' lienors who were the recipients of those funds would result in a windfall for the Defendants.

## CONCLUSION

For all of the reasons stated above, this Court holds that Roslyn's failure to withhold the full ten (10%) percent "retainage" of the funds advanced pursuant to the Building Loan Agreements was not a material subsequent modification of the Building Loan Agreements requiring the filing of a modification in accordance with section 22 of the New York Lien Law. Accordingly, Roslyn's motion for summary judgment is granted.

Settle order in conformity with this decision.