In an action, inter alia, to foreclose a mechanic’s lien, the defendant B&G Electrical Contractors of N.Y., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated March 29, 2012, as denied its motion for summary judgment “directing subordination” of the mortgage and lien rights in the subject property held by the defendant Amalgamated Bank, as Trustee of Longview Ultra I Construction Investment Fund, to its mechanic’s lien, with leave to renew upon the completion of discovery, and the defendant Thyssenkrupp Elevator Corporation separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment on its cross claims, which were asserted against the defendants RLW4 Construction, Inc., and East End Development, LLC, with leave to renew upon the completion of discovery.
*773 Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendant Amalgamated Bank, as Trustee of Longview Ultra I Construction Investment Fund by the defendant B&G Electrical Contractors of N.Y., Inc.
The defendant B&G Electrical Contractors of N.Y., Inc. (hereinafter B&G), moved for summary judgment “directing subordination” of the mortgage and lien rights in the subject property held by the defendant Amalgamated Bank, as Trustee of Longview Ultra 1 Construction Investment Fund (hereinafter Amalgamated), to the mechanic’s lien held by B&G. In support of its motion, B&G argued that Amalgamated failed to comply with the requirements of Lien Law § 22 by not filing written notice of an alleged “material modification” of a certain building loan agreement. However, the Supreme Court properly concluded, in effect, that B&G failed to establish its prima facie entitlement to judgment as a matter of law in this regard (see Howard Sav. Bank v Lefcon Partnership, 209 AD2d 473 [1994]; Dollar Dry Dock Sav. Bank v Hudson St. Dev. Assoc., 175 AD2d 688 [1991]; cf. National Wall Sys. v Bay View Towers Apts., 64 AD2d 417 [1978]). The Supreme Court also properly concluded, in effect, that the defendant Thyssenkrupp Elevator Corporation failed to make a prima facie showing of entitlement to judgment as a matter of law in its favor on its cross claims, which were asserted against the defendants RLW4 Construction, Inc., and East End Development, LLC, and sought payment for materials supplied and/or services performed (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).
Accordingly, the Supreme Court properly denied the respective motions for summary judgment, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Under the circumstances of this case, the court providently exercised its discretion in denying these motions with leave to renew upon the completion of discovery (see CPLR 3212 [f]; Jones v American Commerce Ins. Co., 92 AD3d 844 [2012]).
The appellants’ remaining contentions are without merit. Balkin, J.E, Hall, Lott and Sgroi, JJ., concur.