S&T Bank v Top Capital of N.Y. Brockport, LLC (2020 NY Slip Op 06616)





S&T Bank v Top Capital of N.Y. Brockport, LLC


2020 NY Slip Op 06616


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


708 CA 19-01908

[*1]S & T BANK, PLAINTIFF-RESPONDENT,
v
TOP CAPITAL OF NEW YORK BROCKPORT, LLC, FORMERLY KNOWN AS PERSISTENCE PATH, LLC, ET AL., DEFENDANTS, SWAN TILE AND MARBLE, INC., DIMARCO CONSTRUCTORS, LLC, JAMES C. DELLY, DOING BUSINESS AS JAMES C. DELLY CUSTOM PAINTING, US CEILING CORP., KENNEDY MECHANICAL PLUMBING AND HEATING, INC., NORTHEAST COMMERCIAL FLOORING, INC., AND BBT CONSTRUCTION SERVICES, INC., DEFENDANTS-APPELLANTS. 






ADAMS LECLAIR, LLP, ROCHESTER (DANIEL P. ADAMS OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
WOODS OVIATT GILMAN LLP, ROCHESTER (JOHN C. NUTTER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an amended order of the Supreme Court, Monroe County (William K. Taylor, J.), entered September 20, 2019. The amended order, inter alia, granted the motion of plaintiff for summary judgment. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this mortgage foreclosure action against defendant Top Capital of New York Brockport, LLC, formerly known as Persistence Path, LLC (Top Capital), among others, after Top Capital defaulted on a building loan agreement (BLA). Defendant DiMarco Constructors, LLC (DiMarco) was the general contractor on the project. The remaining defendants-appellants are subcontractors who, together with DiMarco (collectively, defendants), filed mechanics' liens for amounts they contend are due on their contracts for services provided on the project. As relevant here, defendants asserted in their answer a second affirmative defense alleging that plaintiff's mortgage lien is subordinate to the mechanics' liens of defendants because plaintiff failed to file a material modification to the BLA in violation of Lien Law § 22. Plaintiff moved for, inter alia, summary judgment dismissing defendants' second affirmative defense, and defendants cross-moved for summary judgment seeking a determination of the priority of their mechanics' liens over plaintiff's mortgage lien. Supreme Court granted the motion and denied the cross motion, and we affirm.
Contrary to defendants' contention, plaintiff established as a matter of law that there was no violation of Lien Law § 22, and defendants failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Lien Law § 22 provides, in pertinent part, that a building loan contract "and any modification thereof, must be in writing and duly acknowledged" and must be "filed in the office of the clerk of the county in which any part of the land is situated, . . . within ten days after the execution" thereof. The failure to comply with the provisions of Lien Law § 22 renders that party's interests "subject to the lien and claim" of those who thereafter file a notice of a mechanics' lien (id.). The purpose of section 22 is "to permit contractors on construction projects 'to learn exactly what sum the loan in fact made available to the owner of the real estate for the project' " (Altshuler Shaham Provident Funds, Ltd. v GML [*2]Tower, LLC, 21 NY3d 352, 363 [2013], quoting Nanuet Natl. Bank v Eckerson Terrace, 47 NY2d 243, 247 [1979] [emphasis added]). As the Court of Appeals has recognized, "[a]lthough section 22 states that 'any subsequent modification' . . . to a building loan contract must be filed, this language . . . has always been interpreted to mean any 'material' subsequent modification" (id. at 365 n 9). A modification is deemed material if it: "(1) alters the rights and liabilities otherwise existing between the parties to the agreement[,] or (2) enlarges, restricts or impairs the rights of any third-party beneficiary" (Howard Sav. Bank v Lefcon Partnership, 209 AD2d 473, 475 [2d Dept 1994], lv dismissed 86 NY2d 837 [1995] [internal quotation marks omitted]; see Altshuler Shaham Provident Funds, Ltd., 21 NY3d at 365 n 9).
Here, defendants contend that plaintiff effectively and materially modified the terms of the BLA when it failed to require Top Capital to adhere to certain equity infusion provisions of the BLA and, inasmuch as no modification was filed pursuant to Lien Law § 22, they contend that plaintiff's interest is subordinate to their mechanics' liens. We reject that contention.
Although the BLA identified certain "Required Equity Funds," including a "Developer's Fee" that was to be paid "on a par[i] passu basis in accordance with the percentage of completion of the Project," the BLA did not require those payments to be made before plaintiff advanced loan proceeds to Top Capital. Rather, the BLA established that, once those payments were made, plaintiff would be obligated to make certain advances. Plaintiff therefore retained the discretion to make the loan advances even in the absence of a Developer's Fee payment. We thus conclude that Top Capital's failure to provide those funds at rate equal with the percentage of completion of the project did not constitute a material modification of the BLA inasmuch as that failure did not alter the rights or liabilities otherwise existing between plaintiff and Top Capital under the BLA (see Howard Sav. Bank, 209 AD2d at 474-476; cf. Sackman-Gilliland Corp. v Lupo, 55 AD2d 1008, 1009 [4th Dept 1977]).
We reject defendants' further contention that there was a material modification of the BLA inasmuch as they were third-party beneficiaries to the BLA whose rights were impaired or restricted by the action or inaction of plaintiff and Top Capital. The BLA specifically provides that the BLA, mortgage and note were "made for the sole protection of [Top Capital] and [plaintiff], and [plaintiff's] successors and assigns, and [that] no other person [would] have any right of action hereunder or thereunder." Such contractual provisions have been held to preclude contractors from claiming third-party beneficiary status (see Howard Sav. Bank, 209 AD2d at 476; cf. Dollar Dry Dock Sav. Bank v Hudson St. Dev. Assoc., 175 AD2d 688, 689 [1st Dept 1991]). Even assuming, arguendo, that defendants had third-party beneficiary status, we conclude that plaintiff's "decision to exercise—or to refrain from exercising—the rights it possessed under the [BLA] cannot be described as a modification within the meaning of the Lien Law" (Howard Sav. Bank, 209 AD2d at 477; see e.g. In re Admiral's Walk, 134 BR 105, 120-122 [Bankr WD NY 1991]; In re Lynch III Props. Corp., 125 BR 857, 861-862 [Bankr ED NY 1991]).
Based on our determination, we do not address plaintiff's alternative ground for affirmance.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court